IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| ROB ROBERSON,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA,<br><br>Defendant. | Cause No. CV 09-058-GF-SEH-RKS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

Pending is Plaintiff Rob Roberson's Motion for Leave to Proceed in forma pauperis (Document 3); Amended Complaint (Document 4), and a document entitled "Motions: Grounds for Peremptory; for Federal Rule 8 Special Extreme Circumstances." (Document 5).

## I. MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff submitted a declaration and account statement sufficient to make the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Pursuant to 28 U.S.C. § 1915(b)(1) Plaintiff must pay the statutory filing fee of $350.00. Because Plaintiff's inmate account currently lacks sufficient funds to

satisfy the initial partial filing fee, this requirement will be waived. The entire $350.00 filing fee will remain due and payable, and will be collected from Plaintiff's inmate account, when funds exist, regardless of the outcome of this action. Plaintiff must make monthly payments of 20 percent of the preceding month's income credited to his institutional account. By separate order, the agency having custody of Plaintiff will be directed to forward payments from Plaintiff's account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Plaintiff's Complaint is deemed filed as of the date the Motion to Proceed in Forma Pauperis was filed and the proposed complaint was delivered to the Clerk of Court. *See Loya v. Desert Sands Unified Sch. Dist., 721 F.2d 279, 280-81 (9th Cir. 1983); see also United States v. Dae Rim Fishery Co., 794 F.2d 1392, 1395 (9th Cir. 1986)* (concluding complaint constructively filed when delivered to clerk of court).

## II. PRESCREENING

### A. Standard

As Plaintiff is a prisoner proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and][o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

Sections 1915A(b) and 1915(e)(2)(B) allow for the dismissal of a complaint before it is served upon the defendants if it is "frivolous" or "fails to state a claim upon which relief may be granted." A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation omitted). This requirement

demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. 544. A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)(quoting *Bell*, 127 S.Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))).

Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted). The "plausibility standard" is guided by "[t]wo working principles," *Iqbal*, 129 S.Ct. at 1949. First, although "a court must accept as true all of the allegations contained in a complaint," that "tenet" "is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. "Second, only a complaint that states a plausible claim for relief survives" and "[d]etermining whether a complaint states a plausible claim for relief will, . . . , be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer

possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal.* 129 S.Ct. at 1949 (internal quotation marks and citation omitted).

The court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal,* 129 S.Ct. at 1950. Legal conclusions must be supported by factual allegations. *Iqbal,* 129 S.Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal,* 129 S.Ct. at 1950.

Even after *Twombly*, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson,* 127 S.Ct. at 2200; *Cf.* Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the

allegation of other facts." *Lopez*, 203 F.3d. at 1127 (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

   **B. Analysis**

   Plaintiff contends his son was kidnaped by the child's mother's family with the assistance of a Great Falls Department of Health and Human Services Social Services worker. His Amended Complaint consists of 32 handwritten pages which are nearly incomprehensible. Although far from clear, it appears Plaintiff is seeking to challenge the state court decisions regarding the custody of his son. While there are certain allegations which seem to pertain to an ongoing criminal proceeding, Plaintiff specifically states, "this case does not pretain to my incarceration." (Document 4-5, p. 1). Accordingly, the Court's analysis is limited to claims regarding the placement and custody of his son.

   The first question to be addressed by this Court is whether it has subject matter jurisdiction over Plaintiff's claims. Federal courts unlike state courts are courts of limited jurisdiction which can only adjudicate those cases which the United States Constitution or Congress authorize them to adjudicate. *Kokkonen v.*

*Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994).  Congress has only authorized federal jurisdiction in cases which present a federal question as set forth by 28 U.S.C. § 1331 or where there is complete diversity of citizenship and the amount in controversy exceeds $75,000 as set forth by 28 U.S.C. § 1332.

A party seeking to invoke federal subject matter jurisdiction has the burden of establishing that jurisdiction exists.  *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280 (9th Cir. 1977).  Therefore, Plaintiff must make a prima facie showing of subject matter jurisdiction in order to maintain his claims.  *Fields v. Sedgwick Associated Risks, Ltd.*, 796 F. 2d 299, 301 (9th Cir. 1986).

### 1. **Diversity Jurisdiction**

Plaintiff's claims could be liberally construed as claims under Montana state law.  However, Plaintiff has failed to allege and cannot establish complete diversity of citizenship given that he and the named Defendants are all citizens of the State of Montana.  *See* 28 U.S.C. § 1332.[1]

---

[1] Although Plaintiff is currently incarcerated in North Dakota, prisoners are generally citizens of the state where they were domiciled at the time of their incarceration.  *See* 15 James Wm. Moore et al., Moore's Federal Practice ¶ 102.37(8)(a) (3d ed.1999); *Sullivan v. Freeman*, 944 F. 2d 334 (7th Cir. 1991); *Carter v. Flowers*, 664 F. Supp. 1002 (1987) (for diversity purposes, prisoners pre-incarceration domicile will determine citizenship); *Hoefferle Truck Sales v. Divco-Wayne*, 523 F. 2d 543 (7th Cir. 1975) (diversity is determined by examining citizenship as of the time suit is commenced).  In his original pleading, Plaintiff indicated his place of

### 2. Federal Question Jurisdiction

While Plaintiff alleges claims arising under the Constitution, laws or treaties of the United States, the Court nevertheless lacks federal subject matter jurisdiction pursuant to the domestic relations exception, the Rooker-Feldman doctrine, and/or the Younger abstention doctrine.

### a. Domestic Relations Exception

Federal courts customarily decline to intervene into the realm of domestic relations. The United States Supreme Court held long ago that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *Ex parte Burrus,* 136 U.S. 586, 593-594, 10 S.Ct. 850, 34 L.Ed. 500 (1890); *see also Mansell v. Mansell,* 490 U.S. 581, 587, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989) ("[D]omestic relations are preeminently matters of state law"); *Moore v. Sims,* 442 U.S. 415, 435, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979) ("Family relations are a traditional area of state concern").

Thus, a "domestic relations exception" has developed that "divests the federal courts of power to issue divorce, alimony, and child custody decrees."

---

residence is usually Billings, Montana.

*Ankenbrandt v. Richards,* 504 U.S. 689, 703, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992). In addition, federal courts can decline to hear a case involving "elements of the domestic relationship," *Ankenbrandt,* 504 U.S. at 705, 112 S.Ct. 2206, even when divorce, alimony, or child custody is not strictly at issue:

> This would be so when a case presents 'difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar.' Such might well be the case if a federal suit were filed prior to effectuation of a divorce, alimony, or child custody decree, and the suit depended on a determination of the status of the parties.

*Id.,* at 705-706, 112 S.Ct. 2206 (quoting *Colorado River Water Conservation District v. United States,* 424 U.S. 800 (1976)).

This concept was reconfirmed by the United States Supreme Court with the determination that,

> while rare instances arise in which it is necessary to answer a substantial federal question that transcends or exists apart from the family law issue, see, e.g., *Palmore v. Sidoti,* 466 U.S. 429, 432-434, 104 S.Ct. 1879, 80 L.Ed.2d 421 (1984), in general it is appropriate for the federal courts to leave delicate issues of domestic relations to the state courts.

*Elk Grove Unified School District v. Newdow,* 542 U.S. 1, 13 (2004).[2]

Therefore, the Court should decline to exercise jurisdiction in this matter

---

[2]The *Palmore* case referred to by the Court in *Newdow* raised "important federal concerns arising from the Constitution's commitment to eradicating discrimination based on race." Palmore, 466 U.S. at 432. There do not appear to be any such concerns in the case at bar.

since ultimately it involves elements of a child custody decree is at issue.

### b. Rooker-Feldman Doctrine

The Rooker-Feldman doctrine examines whether a federal district court has the jurisdiction to review the final decisions of state courts. District courts generally lack the authority to review state judgments pursuant to 28 U.S.C. § 1257, since only the United States Supreme Court has such jurisdiction. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Ct. of App. v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). Plaintiffs cannot appeal state court cases directly to United States district courts, nor can they bring federal claims that would ask district courts to pass judgment on state court findings. "If the constitutional claims presented to a United States district court are inextricably intertwined with the state court's denial in a judicial proceeding . . . then the district court is in essence being called upon to review the state-court decision." *Feldman*, 460 U.S. at 483. This doctrine even bars challenges to state court decisions on the basis of deprivation of federal constitutional rights, since this would nevertheless undermine state court decisions. *Feldman*, 460 U.S. at 484-86. Therefore, to the extent the state courts have reached a decision regarding the custody and visitation of Plaintiff's son, Plaintiff cannot seek review of those decisions in this Court.

### c. Younger Abstention Doctrine

If the state court action regarding the custody of Plaintiff's son is still pending, it is barred by the Younger Abstention Doctrine which sets forth the policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff. *Younger v. Harris*, 401 U.S. 37, 45, 91 S. Ct. 746, 751 (1971); *see also Gooding v. Hooper*, 394 F.2d 146 (9th Cir. 1968), cert. denied 391 U.S. 917 (1968). "As a matter of comity, federal courts should maintain respect for state functions and should not unduly interfere with the state's good faith efforts to enforce its own laws in its own courts." *Dubinka v. Judges of Superior Court of State of California for County of Los Angeles*, 23 F.3d 218, 223 (9th Cir. 1994) (citing *Younger*, 401 U.S. at 43-44, 91 S. Ct. at 750). Therefore, *Younger* directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings. *Martinez v. Newport Beach City*, 125 F.3d 777, 781 (9th Cir. 1997) (overruled on other grounds *Green v. City of Tucson*, 255 F.3d 1086 (9th Cir. 2001)(citing *Younger*, 401 U.S. at 40-41, 91 S. Ct. at 748-49) overruled in part on other grounds by *Gilbertson v. Albright*, 381 F.3d 965 (9th Cir. 2004)(en banc)). When applicable, *Younger* abstention requires dismissal of the federal action, not a stay. *San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1103

(9th Cir. 1998).

The federal courts may raise the issue of *Younger* abstention sua sponte. Martinez, 125 F.3d at 781 n.3 (citing *Bellotti v. Baird*, 428 U.S. 132, 143-44 n.10, 96 S. Ct. 2857, 2864-65 n.10, 49 L. Ed. 2d 844 (1976)). *See also* San Remo Hotel, 145 F.3d at 1103 n.5 (noting that the district and appellate courts can raise the issue sua sponte).

The Ninth Circuit has stated that *Younger* abstention is appropriate if (1) there are ongoing state judicial proceedings, (2) the proceedings implicate important state interests, and (3) the state proceedings provide the plaintiff with an adequate opportunity to raise the federal claims. Hirsh v. Justices of the Supreme Court of the State of California, 67 F.3d 708, 712 (9th Cir. 1995); Martinez, 125 F.3d at 781; Gartrell Constr., Inc. v. Aubry, 940 F.2d 437, 441 (9th Cir. 1991); Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432, 102 S. Ct. 2515, 2521, 73 L. Ed. 2d 116 (1982).

Here, it appears the child custody issue has not been resolved, there is an ongoing state judicial proceeding which implicates important state interests regarding the custody of a child. *See* Burrus, 136 U.S. 586. While Plaintiff is complaining that he is not being treated fairly in state court, he has an adequate opportunity in the state district and supreme court to raise federal questions and

concerns that affect his constitutional rights.  Accordingly, all three prongs of the *Younger* test have been satisfied.

## III.  PENDING MOTIONS

Plaintiff submitted a document entitled, "Motions: Grounds for Peremptory; for Federal Rule 8 Special Exstreme [sic] Circumstances."  (Document 5).  The Court has construed this document as a motion for the appointment of counsel, to correct Plaintiff's name, and to supplement the Complaint.  Given the recommendation to dismiss this matter for failure to establish federal subject matter jurisdiction, the motion for appointment of counsel will be denied.  Plaintiff's motion to correct his name and to supplement the Complaint will be granted.

## III. CONCLUSION

### A.  Leave to Amend

For the reasons set forth above, Plaintiff cannot establish federal subject matter jurisdiction.  This is not a defect which could be cured by the allegation of other facts.  As such, Plaintiff's Complaint should be dismissed.

### B.  Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on

appeal in forma pauperis without further authorization, unless:
(A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (quoting *Coppedge*, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke*, 490 U.S. at 325, 327; *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631 (9th Cir. 2000).

The lack of federal subject matter jurisdiction is so clear no reasonable person could suppose an appeal would have merit. Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

### C. Address Changes

At all times during the pendency of this action, Plaintiff SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except if Plaintiff has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

## ORDER

1. Plaintiff's Motion to Appoint Counsel (Document 5) is **DENIED**.

2. Plaintiff's Motion to Correct Name (Document 5) is **GRANTED**. The Clerk of Court is directed to correct the docket to indicate Plaintiff's name is Rob Roberson and not Rob Robenson.

3. Plaintiff's Motion to Supplement Complaint (Document 5) is **GRANTED**.

Further, the Court issues the following:

## RECOMMENDATION

1. Plaintiff's Complaint (Document 1), Amended Complaint (Document 4),

and the supplement thereto (Document 5) should be **DISMISSED** for lack of subject matter jurisdiction.

2.  The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.  The record makes plain there is no federal subject matter jurisdiction.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing.  Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo

determination by the district judge and may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.Civ.P. 4(a)(1), should not be filed until entry of the District Court's final judgment.

DATED this 31st day of August, 2009.

>  */s/ Keith Strong*
> Keith Strong
> United States Magistrate Judge